In the District Court of the United States
For the District of South Carolina

BEAUFORT DIVISION

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JAN 12  A 10: 11

| | | |
|---|---|---|
| James D. Scott, #269988, | ) | Civil Action No. 9:05-2008-HFF-GCK |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF THE MAGISTRATE JUDGE** |
| Jon Ozmint, SCDC Director; and | ) | |
| Henry McMaster, Attorney | ) | |
| General of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |

## I.   INTRODUCTION

The Petitioner, James D. Scott ("Petitioner" or "Scott"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254.  By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this United States Magistrate Judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II.   *PRO SE* PETITION

Scott is presently incarcerated in the McCormick Correctional Institution ("MCI") of the South Carolina Department of Corrections ("SCDC").  Scott filed this Petition for a writ of *habeas corpus* (the "Petition") on June 30, 2005 against Jon Ozmint, SCDC Director, and Henry McMaster, the Attorney General of the State of South Carolina.[1]  [1-1].  Scott is a *pro se* litigant,



---

[1]  Scott has the benefit of the holding in <u>Houston v. Lack</u>, 487 U.S. 266 (1988) with respect to the "delivery" date of June 30, 2005.  Although the court's Order filed on July 29, 2005 states that the <u>Houston v. Lack</u> date is July 9, 2005, upon closer examination, the undersigned finds that Scott delivered his Petition to the MCI Mailroom on June 30, 2005, as evidenced by the prison mailroom's "Received" stamp on the envelope.  The postmark on the envelope is dated July 9, 2005.

and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980)

(*per curiam*); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe

v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.),

*cert. denied,* Leeke v. Gordon, 439 U.S. 970 (1978).  Under established local procedure in this

judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the

procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L.

No. 104-132, Title I, § 104, 110 Stat. 1214, codified at 28 U.S.C. § 2254.  This review has been

conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992);

Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972);

Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert.*

*denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

     *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.

Hughes, 449 U.S. 5 (1980).  Even under this less stringent standard, however, the *pro se*

complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction

afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a

valid claim on which the plaintiff could prevail, it should do so, but a district court may not

rewrite a petition to include claims that were never presented.  Barnett v. Hargett, 174 F.3d 1128

(10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him



(Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely

presented" to the court.  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert.*

*denied*, 475 U.S. 1088 (1986).

### III.  PROCEDURAL HISTORY IN STATE COURT

#### A. Proceedings in the Court of General Sessions

     During the June, 2000 term of the Court of General Sessions for Berkeley County, the

grand jury returned indictments against Petitioner for armed robbery and murder.  He was

represented by Thad Doughty, Esquire.  On October 10, 2000, prior to proceeding to trial before

the Honorable A. Victor Rawl and a jury, Petitioner pled guilty to the charges.[2]  Judge Rawl

sentenced him to confinement for concurrent terms of thirty years on both charges.

Petitioner timely appealed his conviction on October 16, 2000, and an appeal was

perfected on his behalf by Aileen P. Clare, Esquire, of the South Carolina Office of Appellate

Defense.[3]  On May 11, 2001, Ms. Clare submitted a Petition to be Relieved as Counsel as well as

a Final Anders Brief of Appellant[4] to the South Carolina Court of Appeals in which the following

issue was presented for review:

> Was appellant's guilty plea to murder invalid, when he was not fully informed of the
> charges against him?

Petitioner's *pro se* request to certify the case to the South Carolina Supreme Court was

denied on June 21, 2001.  On June 26, 2001, Petitioner filed a *pro se* Final Brief.  On December

19, 2001, the Court of Appeals issued a per curiam opinion dismissing Petitioner's appeal

pursuant to Anders and granting counsel's petition to be relieved..  State v. James Scott,

Unpublished Op. No. 558 (S.C. Ct. App. December 19, 2001).[5]  The Remittitur was entered on

January 22, 2002.

### B.  Scott's Application for Post-Conviction Relief

The Petitioner timely filed an application for post-conviction relief ("PCR") on January 2,

2002 (2002-CP-08-2476) (the "January 2002 PCR Application"), in which he raised the

following grounds for relief:

---

[2]    App. 170-175.

[3]    During the pendency of his direct appeal, Petitioner filed an application for post-conviction
review (Scott v. State, 2000-CP-08-2549), (App. 3-10), which was denied without prejudice
due to the premature nature of the application.  App. 44.

[4]    *See* Anders v. California, 387 U.S. 738 (1967) .  The Petitioner's  Anders Brief and counsel's
Petition to be Relieved as Counsel are attached as a separate set of documents numbered 1-9.
These pleadings are part of the unbound Appendix but are not Bates-numbered.

[5]    App. 1-2.

1.    Ineffective Assistance of Counsel.

    A..    Counsel failed to advise him of all the elements of armed robbery, including that he had to prove he took the goods and carried them away with the intent of permanently depriving the victims of the goods.

    B.    Counsel was ineffective in failing to show the waiver of his Miranda rights and his statement were [sic] not freely and voluntarily made, since he was unaware that the victim had died.

    C.    Counsel erred in failing to call Scott to the witness stand in the pretrial suppression hearing to show his statement was not freely given.

    D.    Counsel failed to object to the prosecution's erroneous statement on felony-murder. The state had contended that proof of the armed robbery participation conclusively proved him guilty of felony murder.

    E.    Counsel failed to object to the acceptance of the guilty plea before inquiring into the factual basis.

    F.    Counsel had advised him that he would be convicted under the theory of the hands of one hands of all if he proceeded to trial. Counsel failed to look into the facts of the case because the solicitor stated that the evidence could not prove who shot the victim, that a projectile was not recovered, that the defendant's statements were inconsistent, and their [sic] had been no confession in regard to the murder. He suggests that this should lead to an acquittal if tried under State v. Martin, 553 S.E.2d 572 (S.C. 2000).

II.    Guilty Plea not freely or voluntarily entered.

    A.    The plea was unduly coerced because prior to his decision he was advised that if he pled guilty the judge had stated he would receive 2 thirty year sentences running concurrent, but if he went to trial he would receive life on murder and a consecutive sentence. Fed. Rule 11(e) states that the judge cannot participate in negotiations. The Applicant cites State v. Cross, 240 S.E.2d 514 to support his position.

III.    Subject matter jurisdiction - armed robbery.

    A.    The indictment did not specifically allege element of "intent to permanently deprive."

On January 7, 2002, the court appointed Christopher P. Biering, Esquire of the Berkeley County Bar to represent Petitioner. A hearing was held on the matter on June 3, 2002, before the Honorable R. Markley Dennis.[6] The Petitioner was present at the hearing and was represented by Mr. Biering. The State was represented by Assistant Attorney General Donald J. Zelenka. The Petitioner testified on his behalf, and trial attorney Thad Doughty also testified. The matter was

---

[6]    App. 50-103.

recessed until June 7, 2002 to take additional testimony; on that date, the Court was advised in writing by Attorney Biering that he was waiving his right to call additional witnesses.

The court took the matter under advisement, and on July 18, 2002, Judge Dennis entered a twenty-three page order which denied and dismissed the January 2002 PCR Application with prejudice.[7] The Order was served on counsel on July 31, 2002. No appeal was filed.[8]

On November 25, 2002, Petitioner filed another Application for Post-Conviction Relief (the "November 2002 PCR Application"),[9] alleging ineffective assistance of his PCR counsel, Mr. Biering, on the grounds that he failed to review Judge Dennis' July 2002 Order and file a motion to alter or amend or file a notice of appeal of Judge Dennis' Order. The court appointed David P. McCann, Esquire to represent Petitioner. In the November 2002 PCR Application, Petitioner set forth the following allegations:

I.     Ineffective Assistance of PCR Attorney.

A.     Counsel failed to file a motion to alter or amend. He contends the court failed to make specific findings of fact relating to the issues presented. He contends that, contrary to the order, he would not have testified that he was not told of the death prior to the statement, but that he would have testified that he did not waive his Miranda rights. On page 12 the order states that the "Court finds that applicant was denied the effective assistance of counsel," yet the rest of the order reflects that the Applicant had failed in the burden of proof and the judgement reflects that the Applicant had failed in his burden and that relief was denied.

B.     Applicant asserts his counsel was ineffective in failing to file a timely notice of intent to appeal. Scott asserts that he called counsel on August 1, 2002 and his counsel told him he would appeal, but he had not done so.

On May 13, 2003, the Respondents filed a Return.[10] On June 16, 2003, a hearing was convened before the Honorable Daniel F. Pieper.[11] Petitioner was present and represented by Mr. McCann and the Respondents were represented by Derrick K. McFarland of the South Carolina

---

[7]     App. 11-33.

[8]     App. 46.

[9]     App. 34-41.

[10]    App. 42-49.

[11]    App. 104-128.

Office of the Attorney General. Testimony was received from Mr. Scott and Mr. Biering. On June 17, 2003, Judge Pieper issued an Order which denied all allegations with the exception of determining that Scott's PCR counsel provided ineffective assistance because he failed to seek appellate review of the denial of Petitioner's January 2002 PCR Application.[12]

### C. Petitioner's Appeal to South Carolina Supreme Court

A timely notice of appeal was filed on Petitioner's behalf, and on May 28, 2004, Assistant Appellate Defender Joseph Savitz, III, submitted a Petition for Writ of Certiorari in which the following issue was raised:

> 1. **The record below support the PCR judge's finding that petitioner is entitled to relief pursuant to <u>Austin v. State</u>.**[13]

On May 28, 2004, a Petition for Writ of Certiorari pursuant to <u>Austin v. State</u> also was submitted by Mr. Savitz. In this Petition, the following issue was presented:

> 1. **Defense counsel did not provide petitioner with effective assistance when he advised him to plead guilty after the denial of a motion to suppress an incriminating statement, where petitioner did not testify because of counsel's erroneous belief that "anything you testify to in a suppression hearing can also be . . . used against you during the actual trial itself."**

On June 3, 2005, the South Carolina Supreme Court issued two Orders denying both petitions for certiorari. The Remittitur was issued on June 21, 2005.[14]

### IV. FEDERAL COURT HISTORY

### A. Scott's Petition for a Writ of Habeas Corpus

On June 30, 2005, Scott filed his Petition for a writ of habeas corpus. [1-1] The Petition set forth four (4) grounds for relief:

> 1. Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

---

[12]    App. 129-140.

[13]    The Petition for Writ of Certiorari is attached as a separate set of documents labeled as such and are part of the unbound Appendix but are not Bates-numbered.

[14]    Only the Order denying the Petition for a Writ of Certiorari Pursuant to <u>Austin v. State</u> was provided to this court, but Respondents assert that both Petitions were denied. *See* Respondents' Memorandum [12-1] at p. 5.

On Oct 9 2000, I pleaded not guilty to 1 count of murder and 1 count of armed robbery. I also engage in a jury selection process, once the jury was selected we had a Jackson v. Denno hearing. During this hearing I informed my trial attorney of my desire to take the stand to give testimony. My trial attorney told me that it was his decision whether I testify or not and that he decided not to put me on the stand. It was without my testimony that the Court admitted my statement into evidence at trial, and it was that fact that induced me to plea guilty.

2.     Conviction obtained by a violation of the privilege against self-incrimination.

A guilty plea is a conviction; the only reason I pled guilty was due to the fact that my statement was admitted into evidence. This statement was obtained through unlawful means, and was admitted into evidence, strongly due to the fact that I was not allowed to testify in my on behalf, regarding its voluntariness. The opportunity to testify is a necessary corollary to the fifth Amendments guaranty against compelled testimony.

3.     Denial of effective Assistance of Counsel.

During my Jackson v Denno hearing I requested that my attorney place me on the witness stand to testify regarding the voluntariness of my statement. My attorney told me that it was up to him to decide that and he chose not to put me on the stand. Had he put me on the stand I would have testified to the fact that I was not read my Miranda Rights nor did I waive them until after I had already given my statement.

4.     Denial of effective Assistance of Counsel.

During my Jackson v. Denno hearing I wanted to testify regarding my statement. My lawyer said that the decision was up to him and he chose not to honor my request. His ineffective assistance deprived me of a fully adequate hearing to insure a reliable, clear-cut determination of the voluntariness of my statement, including the resolution of disputed facts upon which the voluntariness issue may depend.



On July 29, 2005, the undersigned issued an Order which authorized service on Jon Ozmint and Henry McMaster (collectively, the "Respondents"), and notified Scott of the change of address rule. [4-1] The Respondents were served with the Petition [5-1; 6-1], and on September 26, 2005, the Respondents filed a Motion for an extension of time in which to file a return or otherwise plead. [7-1] The Respondents' Motion was granted on September 27, 2005. [10-1] Thereafter, in response to Scott's Petition for *habeas corpus* relief, the Respondents timely filed a Motion for Summary Judgment and a Return and Memorandum of Law in Support of Motion for Summary Judgment (the "Motion for Summary Judgment") on October 25, 2005. [11-1; 12-1]

The undersigned issued an Order on October 26, 2005, under <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), notifying Scott of the summary judgment dismissal procedure and the

possible consequences if he failed to respond adequately to the Motion for Summary Judgment.[15]
[14-1] On November 21, 2005, Scott filed his Response to the Motion for Summary Judgment
[15-1] and also filed a Motion for Stay and Abeyance and Declaration in Support thereof,
pursuant to <u>Rhines v. Weber</u>, — U.S. —, 125 S.Ct. 1528 (2005). [16-1] The undersigned denied
Scott's Motion for Stay by an Order filed on January 6, 2006. [17-1] The Petitioner also filed a
Motion to Amend his Petition for a Writ of Habeas Corpus [18-1] dated November 10, 2005,
which the court recommends should be denied due to its untimeliness.

### B. The Standard for Determining a Motion for Summary Judgment

The standard of review for determining a motion for summary judgment was articulated
in the recent case of <u>Al-Marri v. Hanft</u>, 378 F.Supp. 2d 673, 675-76 (D.S.C. 2005). Rule 56 of
the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forth
with if the pleadings, depositions, answers to interrogatories and admissions on file, together
with affidavits, if any, show that there is no genuine issue as to any material fact and that the
moving party is entitled to a judgment as a matter of law." The moving party bears this initial
burden of informing the Court of the basis for its motions, and identifying those portions of the
record "which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex
Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The Court reviews the record by drawing all
inferences most favorable to the party opposing the motion. <u>Matsushita Elec. Indus. Co. v.
Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986), *citing* <u>United States v. Diebold, Inc.</u>, 369 U.S.
654 (1962).

"Once the moving party carries its burden, the adverse party may not rest upon the mere
allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must
set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The

---

[15] The explanation to the *pro se* litigant is required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure has been held to apply in federal habeas corpus cases under <u>Webb v. Garrison</u>, No. 77-1855 (4th Cir., decided July 6, 1977).

adverse party must show more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. If an adverse party completely fails to make an offer of proof concerning an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment. Celotex, 477 U.S. at 322-23. Hence, the granting of summary judgment involves a three-tier analysis. First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. Fed. R. Civ. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Second, the Court must ascertain whether that genuine issue pertains to material facts. Fed. R. Civ. P. 56(e). The substantial law of the case identifies the material facts, that is, those facts that potentially affect the outcome of the suit. Anderson, 477 U.S. at 248. Third, assuming no genuine issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. Fed.R.Civ.P. 56(e).

### C. Habeas Corpus Review

### 1. Application of the Antiterrorism and Effective Death Penalty Act

The delivery date of the Petition is June 30, 2005. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 521 U.S. 320 (1997).



### 2. Scope of Review

It is well settled that a defendant who pleads guilty upon the advice of counsel can only attack the voluntary or intelligent character of his plea by showing ineffective assistance of counsel. Richardson v. State, 310 S.C. 360, 426 S.E.2d 795 (1993), citing Hill v. Lockhart, 474 U.S. 52 (1985). The U.S. Supreme Court has set forth a two-part test to determine whether a convicted defendant is entitled to relief based upon ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must first show that counsel's

performance fell below an objective standard of reasonableness. Id. In making this

determination:

> . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound strategy.' . . . There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

Id. at 689.

Thus, the reviewing court must be deferential to counsel and not second-guess counsel's

acts or omissions after an adverse result, which may easily lend itself to a finding that counsel's

assistance was unreasonable based upon the fact of the adverse result. Id.

Even if a defendant can show deficient performance by his trial attorney, he must also

prove that he was prejudiced by counsel's performance. To establish prejudice, a defendant must

show "a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability

is probability sufficient to undermine confidence in the outcome." Id. It is insufficient to show

only that the errors had some conceivable effect on the outcome of the proceeding, because

virtually every act or omission of counsel would meet that test. Id. at 693. The defendant bears a

"'highly demanding' and 'heavy burden' in establishing actual prejudice." Williams v. Taylor,

529 U.S. 362, 394 (2000). Thus, in the context of a guilty plea, Petitioner must establish



prejudice by proving that "counsel's constitutionally ineffective performance affected the

outcome of the plea process." Hill v. Lockhart. The Defendant must show that "there is a

reasonable probability that, but for counsel's error, he would not have pleaded guilty and would

have insisted on going to trial. Id.

This Court's review of collateral attacks on state criminal convictions is governed by the

parameters set forth in the AEDPA, which amended Section 2254. Under the AEDPA, a federal

court may only grant habeas corpus relief under Section 2254(d) with respect to a claim

adjudicated on its merits in a state court proceeding if that state court's adjudication: (1)

"resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Frazer v. South Carolina, 430 F.3d 696, 703 (4th Cir. 2003), *quoting* 28 U.S.C. § 2254(d) *and citing* Williams v. Taylor, 529 U.S. 362, 402-413 (2000) (discussing 2254(d).

With respect to the first prong of the analysis, the United States Supreme Court has explained that a state court adjudication is "contrary to" clearly established Federal law only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). An "unreasonable application" of Federal law will be found "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-413. An "unreasonable application" likewise will be found if the state court "was unreasonable in refusing to extend the governing legal principle to a context in which the principle should have controlled. Ramdass v. Angelone, 530 U.S. 156, 166 (2000) (opinion of Kennedy, J.). Yet as Williams teaches, a state court's "unreasonable application" of the law informs the federal court to the extent that the latter "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Bates v. Lee, 308 F.3d 411, 417 (4th Cir. 2002), *cert. denied,* 538 U.S. 1061 (2003), *quoting* Williams, 529 U.S. at 411. The Fourth Circuit has held that this application of federal law must be "objectively unreasonable." Oken v. Corcoran, 220 F.3d 259, 264 (4th Cir. 2000) (noting that the Supreme Court in Williams "adopted" the holding in Green v. French, 143 F.3d 865, 870 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999) that the "unreasonable application" inquiry is an objective inquiry.).

Page 11 of 22

Turning to Section 2254(d)(2), the proper analysis for establishing whether there exists an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" is framed by Section 2254(e)(1), which provides that the findings of fact by a state court are entitled to a "presumption of correctness" and the petitioner must bear the burden of rebutting that presumption by "clear and convincing evidence." See 28 U.S.C. § 2254(e)(1).

### 3.  Exhaustion of State Court Remedies

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies:  "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas.  Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375 (1998), citing Wainwright v. Sykes, 433 U.S. 72 (1977); see also 28 U.S.C. § 2254(b).  This Court's exhaustion requirements under Section 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims.  Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts[.]
>
> To satisfy the exhaustion requirement, a habeas petition must fairly present his claim to the state's highest court.  The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.] [16]



In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10–160 (the "Act").  The applicant may allege constitutional violations in a PCR proceeding, but only if the issue could not have been raised by direct appeal.  Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428 (1998), citing S.C. Code Ann. §§ 17-27-20(a)(1), (b). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues,

---

[16]    Matthews v. Evatt, 105 F.3d at 910-11 (citations omitted).

and petitioning for, or knowingly waiving, appellate review." Gibson v. State, 329 S.C. at 42, 495 S.E.2d at 428. As the South Carolina Supreme Court has explained: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies. In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).

Just as the exhaustion doctrine requires that a claim be fairly presented to all appropriate state courts before it is raised in a Section 2254 petition, if a claim has not been presented but no state remedy remains available, the claim will be considered procedurally defaulted. Teague v. Lane, 489 U.S. 288 (1989). A claim that has been procedurally defaulted in state court usually will not be reviewed in a Section 2254 petition. A federal court will hear a procedurally defaulted claim only if the petitioner "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice.'" Matthews v. Evatt, 105 F.3d at 916, quoting Coleman v. Thompson, 501 U.S. at 750 (emphasis supplied by the undersigned). Unless a petitioner can demonstrate both "cause" and "prejudice", this Court will be procedurally barred from considering those claims that are procedurally defaulted. Daniels v. Lee, 316 F.3d 477, 486 (4th Cir. 2003).

Respondents concede that the Petitioner has generally exhausted his state remedies with the disposition of his direct appeal Anders brief and his PCR appeal to the South Carolina Supreme Court. See generally, S.C. Code Ann. § 17-27-100 (1985); Drayton v. Evatt, 312 S.C. 4, 430 S.E.2d 517 (1993); Rule 203, SCACR. However, Respondents also state that this does not constitute a waiver of any procedural bar or bypass arguments from Petitioner's failure to properly preserve or present issues to the state courts.[17]

---

[17]    See Respondents' Motion for Summary Judgment [12-1] at pp. 7-8.

## D. Review of Scott's Habeas Allegations on the Merits

### 1. Introduction

After the jury was drawn on October 9, 2000 (the day before Petitioner's trial was to begin), the trial judge conducted a Jackson v. Denno hearing with respect to two separate statements made by Petitioner.[18]  The manner in which Petitioner has set forth his four grounds for relief could lead a reviewing court to conclude that he was denied any opportunity to testify at his Jackson v. Denno hearing.  However, this conclusion would be incorrect.  Although Petitioner did not testify with respect to his first statement at the Jackson v. Denno hearing, Petitioner did testify with respect to the second statement.[19]

Petitioner's four grounds for relief, then, are variations of his allegation that he should have been allowed to testify regarding the first statement, which had been handwritten by Petitioner soon after he had been taken into custody following the murder.  With respect to Petitioner's first statement, law enforcement officials testified that Scott had been advised of his constitutional rights in writing, Scott initialed each enumerated right and signed the bottom of the form, and that Scott had written his own statement freely and voluntarily.[20]  At the time Scott wrote his statement, he understood he was being investigated for murder.[21]

As the court indicated it would handle the motions separately as to each statement, Petitioner's attorney moved to have the statement dismissed on the grounds that it was not given freely and voluntarily.[22]  However, after having heard the evidence regarding the first statement,



---

[18]    Other matters were taken up at the hearing that are not at issue here.

[19]    App. 77-156.

[20]    App. 80-90.

[21]    App. 94.

[22]    App. 101.

the trial court found the first statement had been freely and voluntarily given and could be admitted into evidence.[23]

With respect to the second statement, both law enforcement officers and Petitioner were called to testify. Petitioner's second statement was suppressed by the trial judge on the grounds that it was not freely and voluntarily given.[24]

The day after the Jackson v. Denno hearing, Petitioner pled guilty to the charges. Petitioner argues that but for the result of the Jackson v. Denno hearing, he would have gone to trial, and not pled guilty. All of Petitioner's grounds for habeas corpus relief are based upon the events of the Jackson v. Denno hearing.

### a. Ground One

Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

> On Oct 9 2000, I pleaded not guilty to 1 count of murder and 1 count of armed robbery. I also engage in a jury selection process, once the jury was selected we had a Jackson v Denno hearing. <u>During this hearing I informed my trial attorney of my desire to take the stand to give testimony. My trial attorney told me that it was his decision whether I testify or not and that he decided not to put me on the stand. It was without my testimony that the Court admitted my statement into evidence at trial, and it was that fact that induced me to plea guilty.</u> (Emphasis provided by the undersigned).

Petitioner argues that he did not freely and voluntarily plead guilty to the charges against him because he was not given the opportunity to testify at the Jackson v. Denno hearing with respect to his first statement and therefore his guilty plea was not freely and voluntarily given. This issue was raised by Petitioner in his January 2002 PCR Application as part of his claim of ineffective assistance of counsel.[25] However, Petitioner's allegation was never presented in this

---

[23]    App. 109.

[24]    App. 153.

[25]    The claim, in pertinent part, alleges:

> 1.    Ineffective Assistance of Counsel
>
> . . . .
>
>        C.    Counsel erred in failing to call Scott to the witness stand in the pretrial suppression hearing to show his statement was not freely given.

form to the South Carolina Supreme Court. *See* Matthews v. Evatt, 105 F.3d 907, 910-911 (4th

Cir.), *cert. denied*, 522 U.S. 833 (1997) ("[A] § 2254 petitioner is required to 'exhaust' all state

court remedies before a federal district court can entertain his claims. Thus, a federal habeas

court may consider only those issues which have been 'fairly presented' to the state courts[.] . . .

.To satisfy the exhaustion requirement, a habeas petition must fairly present his claim to the

state's highest court.") (Internal citations omitted). Thus, it is procedurally defaulted and the

claim cannot be reviewed by this court. *See, e.g.,* Daniels v. Lee, 316 F.3d 477, 486 (4th Cir.

2003) (Unless a petitioner can demonstrate both "cause" and "prejudice", this Court will be

procedurally barred from considering those claims that are procedurally defaulted.).

Even were the court to review the claim, it would be compelled to conclude that

Petitioner's guilty plea was freely and voluntarily given, as the PCR court had determined in its

Order of Dismissal of the January 2002 PCR Application.[26] Specifically, the PCR court held that

counsel provided effective assistance in determining that Petitioner's testimony was not

necessary with respect to the first statement; Petitioner's testimony would have been cumulative

to that which had been presented to the court, and Petitioner had failed to carry his burden of

proof by failing to present credible evidence as to how any additional evidence could have been

presented which could prove his first statement inadmissible.[27] Finally, the PCR court, after a

detailed analysis of the evidence, found that the record as a whole reflected that Petitioner's plea

was freely and voluntarily given.[28]

---

[26]    App. 20 (citing to the proceedings before Judge Rawl); App. 23-24 (discussion of indictments by trial counsel); App. 26 (discussion of decision not to place Petitioner on the stand during the Jackson v. Denno hearing); App. 26-29 (discussion of informed and voluntary guilty pleas by Petitioner).

[27]    App. 26.

[28]    App. 26.

The Due Process Clause requires that defendants enter into guilty pleas voluntarily, knowingly, and intelligently. Boykin v. Alabama, 395 U.S. 238 (1969). The record must reflect that the defendant freely and intelligently waived his right to trial after being fully informed of the charges against him and the consequences of his plea. Id., State v. Hazel, 275 S.C. 392, 271 S.E. 2d 602 (1980); State v. Patterson, 278 S.C. 319, 295 S.E.2d 264 (1982). In Burnett v. State, 352 S.C. 589, 591-592, 576 S.E.2d 144, 145 (2003), the South Carolina Supreme Court observed that "in addition to the requirements of Boykin, a defendant entering a guilty plea must be aware of the nature and crucial elements of the offense, the maximum and any mandatory minimum penalty, and the nature of the constitutional rights being waived." Burnett, *citing* Pittman v. State, 337 S.C. 597, 599, 524 S.E.2d 623, 624 (1999), *in turn citing* Dover v. State, 304 S.C. 433, 405 S.E.2d 391 (1991); State v. Hazel, 275 S.C. 392, 271 S.E.2d 602 (1980)). A plea made in ignorance of its direct consequences is entered in ignorance and is invalid. Hazel, 275 S.C. 392, 271 S.E.2d 602.

"[W]hile the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of [2254(e)(1)], the historical facts underlying such pleas are entitled to deference under the statute." Sargent v. Waters, 71 F.3d 158, 160 (4th Cir. 1995). In the present case, the plea transcript reflects that Judge Rawl engaged in a thorough colloquy with Petitioner, advising him of the charges against him, the maximum penalties he faced, and the constitutional rights he was waiving by pleading guilty. The Petitioner admitted he was guilty as charged. At the end of the colloquy with Petitioner, Judge Rawl found that Petitioner's decision to plead guilty was freely, voluntarily, and intelligently made.[29] Likewise, the PCR judge held that Petitioner's plea was knowingly and voluntarily made. Thus, Petitioner's first ground for *habeas corpus* relief is without merit.

---

[29]    App. 168-175.

### b. Ground Two

Conviction obtained by a violation of the privilege against self-incrimination.

> A guilty plea is a conviction; the only reason I pled guilty was due to the fact that my statement was admitted into evidence. This statement was obtained through unlawful means, and was admitted into evidence, strongly due to the fact that I was not allowed to testify in my on behalf, regarding it voluntariness. The opportunity to testify is a necessary corollary to the fifth Amendments guaranty against compelled testimony.

Petitioner's second ground for *habeas corpus* relief is grounded upon his belief that his plea was obtained in violation of his privilege against self-incrimination. This argument was not presented to the South Carolina Supreme Court, so it is procedurally barred from this court's review. *See* Matthews v. Evatt, 105 F.3d at 910-911. For sake of discussion, even if the claim were reviewable by this court, it nonetheless is without merit. The PCR court heard testimony from Petitioner and from his trial counsel and held that if Petitioner had testified at the Jackson v. Denno hearing with respect to his first statement, it would not have aided his case, because his testimony could have been used against him, Petitioner was lawfully detained when he made the first statement, and the information Petitioner would have presented would have been cumulative.[30] In addition, at the PCR hearing, Petitioner's trial counsel testified that he did not know the reason that Petitioner changed his mind and opted to plead guilty, except that Petitioner had spoken to his mother immediately before Petitioner told him he wanted to plead guilty.[31] Even if this ground for relief were properly before the court, the court would not grant Petitioner relief. The Petitioner made an informed decision to plead guilty (as demonstrated by the plea colloquy) and he was not prejudiced by not testifying at the Jackson v. Denno hearing with respect to the first statement.

---

[30]    App. 26-27.

[31]    App. 94-95.

## c.  Ground Three

Denial of effective Assistance of Counsel

> During my Jackson v Denno hearing I requested that my attorney place me on the witness stand to testify regarding the voluntariness of my statement.  My attorney told me that it was up to him to decide that and he chose not to put me on the stand.  Had he put me on the stand I would have testified to the fact that I was not read my Miranda Rights nor did I waive them until after I had already given my statement.

## d.  Ground Four

Denial of effective Assistance of Counsel.

> During my Jackson v Denno hearing I wanted to testify regarding my statement.  My lawyer said that the decision was up to him and he chose not to honor my request.  His ineffective assistance deprived me of a fully adequate hearing to insure a reliable, clear-cut determination of the voluntariness of my statement, including the revolution of disputed facts upon which the voluntariness issue may depend.

Grounds Three and Four of Petitioner's Petition will be addressed in tandem as each ground alleges that Petitioner received ineffective assistance of counsel during the Jackson v. Denno hearing.  As discussed above, Petitioner has failed to set forth facts sufficient to establish either of the two prongs of the Strickland test.  The PCR court held that counsel's representation did not fall below an objective standard of reasonableness, and Petitioner failed to prove that counsel's alleged ineffective performance affected the outcome of the plea process.  See Hill v. Lockhart.

In his decision, Judge Dennis specifically addressed Petitioner's allegation that counsel was ineffective for failing to permit Petitioner to testify about the first statement, which was found admissible, and held that counsel was not ineffective under the circumstances.[32]  Furthermore, at the PCR hearing, Petitioner's attorney testified that he was concerned about presenting Petitioner's testimony at the suppression hearing because "anything you testify to in a suppression hearing can also . . . used against you in the actual trial itself."[33]  Finally, as stated

---

[32]    App. 26.

[33]    App. 83.

above, counsel knew that Petitioner's testimony would only be cumulative to that already presented.[34]

Although Petitioner testified at the PCR hearing that he would have testified about the circumstances preceding his first statement,[35] the PCR court properly found that there was nothing in that testimony which would have provided grounds for suppression of the first statement, given the evidence that had been before the trial court. Thus, the PCR courses correctly concluded that Petitioner failed to show "prejudice" under Strickland. Petitioner has failed to set forth any evidence to show that there was a reasonable probability that, but for his attorney's error, he would have chosen to go to trial instead of pleading guilty. Petitioner's final two grounds for habeas corpus relief are wholly without merit.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the Respondents' Motion for Summary Judgment **[11-1] should be granted** and Petitioner's Motion to Amend/Correct Petition for Writ of Habeas Corpus **[18-1] should be denied**.

George C. Kosko
United States Magistrate Judge

January _11_, 2006
Charleston, South Carolina

---

[34]    App. 93-94.

[35]    App. 55-57.

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial**

> resources rather than saving them, and runs contrary to the purposes of the
> Magistrates Act. * * *  We would hardly countenance an appellant's brief simply
> objecting to the district court's determination without explaining the source of the
> error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the

appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did

not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating
>
> only 'I object' preserves no issue for review.  * * *  A district judge should not have
>
> to guess what arguments an objecting party depends on when reviewing a
>
> [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de

novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark,

749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file**
**specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892

F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5

may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
